[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks to recover damages in the amount of the balance due to it for building materials it sold to the defendant. A notice of bankruptcy was filed after entry of a default against the defendant. The plaintiff asserts that it may nevertheless present its claim in a hearing in damages because it is proceeding CT Page 1585 in rem on the basis of a lien on the defendant's property.
Examination of the file indicated that no court has ever found probable cause as to an attachment of the defendant's real property, and the sheriff's return recites only that the attachment was made by the direction of the plaintiff's attorney. The plaintiff takes the position that it has an attachment without resort to any application to the court because the defendant signed an agreement that he "waives notice of hearing of pre judgment hearing." [sic].
While the plaintiff cites case law to the effect that bankruptcy discharge does not prevent enforcement of valid liens, the validity of the lien on which the plaintiff herein relies is far from clear, since 52-278b C.G.S. requires compliance with the provisions of 52-278a-278g C.G.S. Waiver of notice of a hearing enables a creditor to proceed ex parte as to an application for prejudgment attachment, not to enact an attachment without any resort whatever to statutory due process.
For these reasons, the court does not find that this claim is insulated from the automatic bankruptcy stay or other provisions of the bankruptcy law.
The case is stricken from the hearing in damages list.
BEVERLY J. HODGSON, Judge